### WEISSMAN v. ROBERTSON.

(Supreme Court, Appellate Term. January 8, 1909.)

MASTER AND SERVANT (§ 80*)—EMPLOYMENT—DISCHARGE—EVIDENCE.
    In an action for wages, evidence held insufficient to sustain judgment for plaintiff.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 118; Dec. Dig. § 80.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Morris Weissman against Edward Robertson for wages. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

J. Leon Brandmarker, for appellant.
Joseph B. Reilly, for respondent.

PER CURIAM. This is an appeal by the defendant from a judgment in favor of the plaintiff in the sum of $97.50 and costs. The action was one for wages. The plaintiff's testimony is as follows: On

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the 3d day of July, 1908, which was a Friday, he had a conversation with defendant, wherein the defendant, Robertson, in whose employment plaintiff was on a salary of $32.50 a week, told him he could have a two weeks' vacation, and that he would pay him for his vacation when he returned, and he, the defendant, requested the plaintiff to send him his address, so that in case he got busy he could send for him in a week, and thereupon they parted on friendly terms. The plaintiff did write two letters, as requested, to the defendant, and on the 20th day of July, 1908, which was a Monday, the plaintiff reported to go to work, and, on the stairs was met by the defendant, who then, for the first time, informed him that he could not use him any longer. The plaintiff demanded his pay for the two weeks' vacation, and also for the week just starting, as he, the plaintiff, was ready to go to work. The defendant refused to pay him, and he went upstairs, got his tools, and left. The plaintiff immediately sought work, and obtained a position on Wednesday of the same week, to commence the following Monday morning. The defendant testifies that on Saturday night, previous to plaintiff's going away, he told plaintiff that he could not keep him, or pay him any salary, because he was financially embarrassed. Defendant further denies absolutely that he gave plaintiff any vacation, with or without pay, and claims that plaintiff left his employment entirely, instead of going away on any paid vacation. Plaintiff's hiring was, evidently, from week to week only, as shown by the great preponderance of proof and the inherent probabilities of the case, and defendant was at liberty to discharge plaintiff when he did. The judgment is against the weight of evidence and should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.